IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VICKI PUMMELL,**

    **Plaintiff,**

                                                    Case No. 2:15-cv-3034

    v.                                     Magistrate Judge Elizabeth P. Deavers

**R. BURKES,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court for disposition based upon the parties' full consent (ECF No. 8) and for consideration of Defendants' Motion to Strike Plaintiff's Fed. R. Civ. P. 26 Supplemental Disclosures (Doc. 48) Pursuant to Fed. R. Civ. P. 37(c)(1) ("Motion to Strike"). (ECF No. 49.) For the reasons that follow, Defendants' Motion to Strike is **GRANTED**.

**I.**

Plaintiff was an inmate at the Ohio Reformatory for Women ("ORW") at all times relevant to this action. (Complaint at ¶ 4, ECF No. 1 ("Compl.").) On November 29, 2015, Plaintiff, who is represented by counsel, filed this action for money damages under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments for deliberate indifference to Plaintiff's serious medical needs against Defendants Dr. Mierla Crisan, Pennington (first name unknown), and Defendant Ronette Burkes, ORW's warden at all relevant times, in her official capacity. (*See generally id.*) Plaintiff also asserts a claim of gross negligence. (*Id.*) Plaintiff specifically alleges that Defendants were deliberately indifferent to her serious medical needs as it relates to

a metallic aneurysm clip implanted prior to her incarceration and surgically removed during her incarceration. (*Id*.)

Following a preliminary pretrial conference conducted pursuant to the provisions of Federal Rule of Civil Procedure 16(b), the Court issued an Order on March 25, 2016, directing, *inter alia*, that initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) be made by June 1, 2016; all discovery be completed by March 31, 2017; and that dispositive motions be filed by May 31, 2017. (ECF Nos. 7, 9.)

On June 1, 2016, Plaintiff provided to Defendants her Rule 26(a) disclosures. (ECF No. 10; Exhibit 1 (ECF No. 49-1) ("Plaintiff's Rule 26(a) Disclosures").) Plaintiff identified certain physicians and medical staff, certain ORW corrections officers and employees, and counselors. (Plaintiff's Rule 26(a) Disclosures at PAGEID ## 127–28.) Plaintiff explained that some of these witnesses "provide or had ongoing contact with plaintiff and may have knowledge of plaintiff's medical problem before surgery[,]" and that other witnesses "have had contact with plaintiff post surgery and since her release in Nov. 2015[.]" (*Id*.) Following these disclosures, Plaintiff conducted depositions, including the depositions of Defendant Crisan, Dr. Ciaran Powers, Dr. Andrew Eddy, and Lt. Nelson. (ECF Nos. 30, 43, 44.)

On March 6, 2017, the Court stayed discovery for approximately two and a half months pending the parties' mediation. (ECF No. 32.) After mediation attempts failed, the Court granted the parties' joint motion to set new deadlines for completing discovery and filing dispositive motions, setting new deadlines of September 30, 3017, and October 30, 2017, respectively. (ECF No. 42.)

On October 9, 2017, nine days after the close of discovery, Plaintiff filed a supplementation to her initial disclosures, identifying five new witnesses. (ECF No. 48.) The

2

five witnesses are current or former ORW inmates. (*Id*. (stating, *inter alia*, that three of the five witnesses' current addresses are unknown).) In response, Defendants filed the Motion to Strike the supplemental disclosures. (ECF No. 49.) After the Motion to Strike was fully briefed (ECF Nos. 54, 55), the Court met with the parties, stayed the deadline for filing dispositive motions, and set the case for a second mediation. (ECF Nos. 56, 57, 58.) The mediation, however, was ultimately vacated in late January 2018. After meeting with the parties on February 2, 2018 (ECF No. 59), the Court set the deadline for filing dispositive motion as April 13, 2018 (ECF No. 60), which was recently extended, upon Plaintiff's motion (ECF No. 61), to April 27, 2018. (ECF No. 62.) The Motion to Strike is now ripe for resolution.

## II.

Defendants seek to exclude, under the provisions of Federal Rule of Civil Procedure 37(c)(1), the following five lay witnesses (current or former ORW inmates), who were not included in Plaintiff's initial disclosures and who were not disclosed until after the discovery period ended: Karen Adams, Lisa Miller, Jen Loper, Carol Finkes, and Liz Carroll (collectively, "supplemental witnesses"). (ECF Nos. 48, 49.)

A party must disclose, *inter alia*, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). A party must also supplement these initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

3

"If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) goes on to provide that

> in addition or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*Id.* "Rule 37(c)(1) requires absolute compliance with Rule 26(a) and (e), unless [the non-complying party] show[s] 'that the failure to comply was substantially justified or harmless.'" *Oster v. Huntington Bancshares Inc.*, No. 2:15-cv-2746, 2017 WL 3208620, at *10 (S.D. Ohio July 28, 2017) (quoting *Prod. Design Servs., Inc. v. Sutherland-Schultz, Ltd.*, No. No. 3:13-cv-338, 2015 WL 4945745, at *4 (S.D. Ohio Aug. 20, 2015)). "Harmless" "'involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Vance ex rel. Hammons v. United States*, 182 F.3d 920, at *5 (6th Cir. 1999)). The non-complying party has the burden of proving harmlessness. *Oster*, 2017 WL 3208620, at *10.

In determining whether an omitted or late disclosure is "substantially justified" or "harmless," the United States Court of Appeals for the Sixth Circuit identifies five factors this Court must consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the

4

nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 748 (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

**III.**

Here, the Court concludes that the *Howe* factors weigh in favor of excluding Plaintiff's supplemental witnesses. First, as to the surprise factor, Defendants had no reason to believe that Plaintiff would identify the supplemental witnesses. The initial disclosures, served on June 1, 2016, identified over a dozen witnesses, none of whom were current or former inmates. Defendants represent, and Plaintiff does not dispute, that at no point during the lengthy discovery period were any of the supplemental witnesses identified or relied upon by Plaintiff. (ECF No. 49 at 8; ECF No. 54.)

Second, Defendants have a limited ability to cure their surprise. As Defendants point out, Plaintiff served notice of her supplemental witnesses on October 9, 2017, sixteen months after her initial disclosures, nine days after the discovery period closed, and less than three weeks before the deadline for filing dispositive motions. Plaintiff suggests that Defendants should have asked to extend the discovery period for "the purpose of deposing anyone [sic] of the identified laywitnesses [sic]." (ECF No. 54 at 2.) However, under these circumstances where Plaintiff failed to timely disclose all of her witnesses, it is not Defendants' burden to ask the Court to reopen discovery and to justify extending the discovery period, which already lasted nearly sixteen months, excluding the time discovery was stayed pending mediation. Moreover, Defendants have already begun preparing to file their dispositive motion. Reopening discovery at this late stage would require extending the date for filing dispositive motions, which has previously been extended at Plaintiff's request. (ECF Nos. 61, 62.) Notably, Plaintiff admits

5

that she does not know the current addresses for three of the five supplemental witnesses. (ECF No. 48.) Trying to locate these witnesses would prolong the otherwise unusually long discovery period the Court has already afforded Plaintiff. Moreover, extending discovery would result in an extension of the summary judgment deadline, which would further delay this case. The additional discovery of these new supplemental witnesses may also require Defendants to revise their motion for summary judgment, increasing the burden on Defendants. "[I]f the nondisclosure would require significant compromise in the status and schedule of a case, or would require consequential management in terms of discovery costs, burdens, and sequence, then the failure to disclose has indeed caused harm beyond the unilateral curative powers of any party." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-cv-15, 2017 WL 2295906, at *4 (E.D. Ky. May 25, 2017). Accordingly, if reopening discovery would solve any harm, as Plaintiff apparently suggests, "'no failure to disclose would ever be harm[ful] because there will always be a way to reschedule something to accommodate the failure to disclose. . . . If the court were to accept such an argument it would all but forfeit the ability to effectively manage litigation.'" *Id.* (quoting *In re Rybolt*, 550 B.R. 422, 427 (Bankr. N.D. Ind. 2016)).

Third, while no trial date has yet been set, permitting the supplemental witnesses to testify would be disruptive. This case has been pending for nearly two and a half years. Allowing these witnesses to testify would further delay a trial date and burden Defendants: "Not only would Defendant[s] need time to depose the [five] witnesses, but Defendant[s] would also have to be given the opportunity and time to find rebuttal evidence or testimony." *Abrams v. Nucor Steel Marion, Inc.*, 694 F. App'x. 974, 982 (6th Cir. 2017).

Fourth, the Court agrees with Defendants that the testimony of the five supplemental witnesses "is speculative at best." (ECF No. 49 at 9.) Plaintiff represents that the five

6

supplemental witnesses will testify about Plaintiff's pain and suffering (ECF No. 48) and "are primarily expected to testify as to damages, and possibly may be relied upon for impeachment of a witness who plaintiff's [sic] have deposed already." (ECF No. 54 at 3.) Setting aside for the moment that Plaintiff's characterization of the articulated scope of this testimony is vague, the Court initially notes that the supplemental witnesses were apparently not physically present during medical treatment between Defendants and Plaintiff. Moreover, these witnesses are all lay people without any medical expertise such that the Court cannot glean what, if any, knowledge they have about Plaintiff's medical history and condition. In short, neither Plaintiff's supplemental disclosure (ECF No. 48) nor her opposition to the Motion to Strike (ECF No. 54) persuades this Court that the importance of the supplemental witness testimony requires reopening discovery and further delaying resolution of this action.

Similarly, Plaintiff's explanation does not establish that her failure to timely disclose the supplemental witnesses was "substantially justified." *Howe*, 801 F.3d at 748; *EQT Prod. Co.*, 2017 WL 2295906, at *5. Plaintiff explains as follows:

> [T]he [supplemental] filing came about following Counsels [sic] review of the file in anticipation of defendants' pursuing summary judgment and realizing that these 5 individuals had not been disclosed earlier in the case, such as at the time of preparing and submitting the FRCP 26. The list containing the names was in an envelope, unmarked thus easily and frequently overlooked.

(ECF No. 54 at 2.) While Plaintiff's counsel denies filing the supplemental disclosure with the intent to undermine Defendants at trial (*id.*), Plaintiff's explanation reveals that she knew the identity of the supplemental witnesses for most of, if not the entire course of, this litigation. In other words, despite sixteen months of discovery, the untimely disclosure of the supplemental witnesses is a direct result of Plaintiff's dilatory behavior.

Based on all of these factors, the Court cannot conclude that the late disclosure of the supplemental witnesses is substantially justified or harmless within the meaning of Rule 37(c)(1). *Howe*, 801 F.3d at 748; *Kirby v. AXA Equitable Fin. Servs.*, No. 1:13-cv-837, 2016 WL 8201163, at *2 (S.D. Ohio Sept. 21, 2016). Accordingly, Plaintiff "is not allowed to use [her supplemental witnesses] on a motion, at a hearing, or at a trial[.]" Fed. R. Civ. P. 37(c)(1); *Oster*, 2017 WL 3208620, at *10.

## IV.

For the foregoing reasons, Defendants' Motion to Strike Plaintiff's Fed. R. Civ. P. 26 Supplemental Disclosures (Doc. 48) Pursuant to Fed. R. Civ. P. 37(c)(1) (ECF No. 49) is **GRANTED**. Plaintiff's Notice of Supplemental Disclosures (ECF No. 48) is **ORDERED STRICKEN**.

**IT IS SO ORDERED.**

Date: April 19, 2018
/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE